**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**RAJ K. PATEL,**

**Plaintiff,**

v.

**MERRICK B. GARLAND, U.S. Attorney
General, *et al.*,**

**Defendants.**

Civil Action No. 23-3215 (JEB)

<u>**MEMORANDUM OPINION AND ORDER**</u>

*Pro se* Plaintiff Raj Patel has sued Merrick Garland, Kamala Harris, Adair Ford

Boroughs (U.S. Attorney for the District of South Carolina), Linda Thomas-Greenfield (U.S.

Ambassador to the United Nations), and Nikki Haley (former U.S. Ambassador to the United

Nations).  <u>See</u> ECF No. 1 (Compl.).  The Complaint is difficult to parse, to say the least, but

Plaintiff appears to be suing for monetary damages under <u>Bivens v. Six Unknown Named Agents</u>

<u>of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  He alleges that Defendants "failed to act

and perform their contract-in-law ministerial duty from the United States Constitution to aid [his]

personal expression and sexual promiscuity."  Compl. at 3.

Apparently concerned about his "trade" and "good name" being "prejudiced" if the

Complaint is filed publicly in unredacted form, Patel moves to seal the case in its entirety.  <u>See</u>

ECF No. 5 (Mot.) at 7.  Alternatively, he seeks to redact certain portions of the Complaint: his

name, personal information (*e.g.*, his address and phone number, information about his ancestry,

details about his property and health), and select other sentences that seem to have little in

1

common with one another and nothing to do with Plaintiff.  Id. at 1; see ECF No. 2-2

(Unredacted Compl.).

      The Court will deny the Motion, subject to any further consideration by the United States

District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief

Judge shall "hear and determine . . . motions in any case not already assigned," including

"motion[s] to seal the complaint"); LCvR 5.1(h)(1) ("Absent statutory authority, no case or

document may be sealed without an order from the Court.").

## I.    Legal Standard

      Generally, a plaintiff or petitioner filing a civil action must identify the parties and file on

the public docket.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  "The starting point in considering

a motion to seal court records is a strong presumption in favor of public access to judicial

proceedings."  Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting

EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks

to overcome this presumption and seal court records, courts engage in the six-factor inquiry

described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).  Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

II.     **Analysis**

Plaintiff has not met his burden to demonstrate that sealing any of the information in his Complaint, let alone sealing the case in its entirety, is warranted under the <u>Hubbard</u> factors.  The Court discusses each factor in turn.

The first — "the need for public access to the documents at issue," <u>id.</u> at 1490 — counsels against granting Plaintiff's Motion.  The presumption of transparency is "particularly strong in this case because '[t]he appropriateness of making court files accessible is accentuated in cases where the government is a party.'"  <u>United States v. All Assets Held at Bank Julius Baer & Co.</u>, 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting <u>Nat'l Children's Ctr.</u>, 98 F.3d at 1409).  "[I]n such circumstances, the public's right to know what the executive branch is [doing] coalesces with the concomitant right of the citizenry to appraise the judicial branch."  <u>Id.</u> (quoting <u>FTC v. Standard Fin. Mgmt. Corp.</u>, 830 F.2d 404, 410 (1st Cir. 1987)); <u>see also</u> <u>Hyatt v. Lee</u>, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation.  Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.") (citation omitted).  Here, all Defendants are government officials sued in their official capacities.  <u>See</u> Compl. at 1–2.

Plaintiff nonetheless contends that this factor supports granting his Motion because, among other things, his alleged injury is a "particularized injury that is applicable only to [him]."  Mot. at 2; <u>see id.</u> at 3 ("This particularized injury is . . . unique due to replacement anxiety.").  The Motion lacks sufficient clarity for the Court to discern the nature of Plaintiff's alleged injury, but, regardless, Plaintiff does not explain — nor does the Court see — how the purportedly individualized nature of his injury reduces the need for public access to the

documents in this litigation against the government.  Indeed, were his injury not particularized, he would have no standing in the first place.

The redactions Plaintiff seeks in his alternative request, moreover, are not "targeted" to "deprive the public of access only to" particularly sensitive or confidential information.  Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023) (this factor favored sealing where proposed redactions were "targeted and 'deprive[d] the public of access only to' confidential information specific to Plaintiff's business as a federal contractor") (quoting M.A. v. Mayorkas, 2023 WL 5321924, at *3 (D.D.C. July 6, 2023)).  Plaintiff has, therefore, not overcome the presumption that the public has a "legitimate interest in knowing all of the facts involved" in his case.  Doe v. Garland, 2021 WL 3622425, at *1 (D.D.C. Apr. 28, 2021).

Like the first factor, the second — "the extent of previous public access" to the materials Plaintiff seeks to seal, Nat'l Children's Ctr., 98 F.3d at 1409 — weighs against sealing.  He claims that "[n]one of this material is public," Mot. at 3, but that claim is quickly proven false. Patel filed an essentially identical, unredacted complaint on the public docket in the District of South Carolina.  Patel v. Harris, No. 23-5324, ECF No. 1 (D.S.C. filed Oct. 24, 2023).  That means that all of the information in this Complaint — including the information that Plaintiff seeks to redact in his alternative request — is already public.  Cf. Frech v. U.S. Dep't of Health & Human Servs., No. 23-2530, ECF No. 5 (Sealing Op.) at 4 ("Where . . . substantial portions of the alleged private information is already public, the second factor counsels against sealing.").

The third factor is the only one that weighs in favor of sealing at this stage.  "[T]he fact that a party moves to seal the record weighs in favor of the party's motion."  Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  Plaintiff has so moved, and, as is common at this

stage, no objection to the Motion has been lodged.  <u>See</u> Mot. at 4 (pointing out that "the United States has never made an argument to keep this as [a] public docket").

Patel's discussion of the fourth factor — the "strength of any property [or] privacy interests asserted," <u>Nat'l Children's Ctr.</u>, 98 F.3d at 1409 — is wanting.  He posits only that he is an heir apparent to certain properties and that "this" — presumably referring to public disclosure of this litigation or, alternatively, the information that Plaintiff seeks to redact in his Complaint — "could affect the image of [his] real estate."  Mot. at 7.  The Court is not persuaded.  Insofar as the "image" of Plaintiff's real estate is "affect[ed]" by the information in his Complaint or his litigiousness, <u>id.</u>, public disclosure in the District of South Carolina litigation moots such issue. <u>See</u> <u>Frech</u>, Sealing Op. at 5 ("The fact that information about the allegations against Plaintiff is already freely available in the public domain further negates her asserted privacy interests.") (cleaned up).  What is more, Plaintiff's concern sounds like a concern about reputational harm, and "[r]eputational harm alone is insufficient" under this factor.  <u>Gilliard v. McWilliams</u>, 2019 WL 3304707, at *4 (D.D.C. July 23, 2019).

As to the fifth factor, which concerns whether disclosure will lead to prejudice to the party seeking the seal, Plaintiff asserts that he "will be prejudiced if this is on the public docket[]."  Mot. at 7.  More specifically, he claims that his "trade will be prejudiced" and his "own good name will be prejudiced . . . because he had to live with the peril and could be invalidly and wrongly and untruthfully accused of computer editing."  <u>Id.</u>  Separately, he notes that "[t]he complaint is soapy and might be intra-corporate gossip on what happened to a future presidential candidate who is currently 31 years old."  <u>Id.</u> at 8.  Those incoherent and conclusory assertions, which do not "identif[y] how the disclosure of the relevant material causes legal prejudice," are wholly inadequate.  <u>All Assets Held</u>, 520 F. Supp. 3d at 85 (quoting <u>Zapp</u>, 746 F.

Supp. 2d at 150) (cleaned up); see United States v. Puma, 2023 WL 2727755, at *6 (D.D.C. Mar.

31, 2023) (under fifth factor, "harm to reputation and career is not a compelling reason for non-

disclosure") (cleaned up).

      The last factor — "the purposes for which the documents were introduced," Nat'l

Children's Ctr., 98 F.3d at 1409 — similarly supports disclosure.  Plaintiff barely addresses this

factor, stating only that "[t]here are questionable reasons [] why the documents [] needed to be

submitted."  Mot. at 8.  The Court is not sure what that means or how it helps Patel.  In any

event, Plaintiff has "voluntarily commenced a public proceeding . . . and invoked the jurisdiction

of this Court to do so," and thus his Complaint was introduced for a public purpose.  Upshaw v.

United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010).  What is more, there is no doubt that he

"intended for the Court to rely on" it.  Michaels v. NCO Fin. Sys. Inc., 2023 WL 4857413, at *5

(D.D.C. July 31, 2023); see Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021)

("The sixth Hubbard factor favors disclosure where the parties explicitly intended the Court to

rely on [the sealed] materials in adjudicating their dispute.") (internal quotation marks and

citation omitted).  And Plaintiff does not assert that the information he proposes redacting in his

alternative request is in any way less relevant to his claims than the nonredacted information.  Cf.

Monbo, 2023 WL 7129866, at *2 (finding this factor neutral where "some of the redacted

exhibits play a very minor role in the central claims of the litigation, and most of the information

necessary to adjudicate Plaintiff's claim is left unredacted") (cleaned up).

      In sum, the only factor that the Court can conclude weighs in Patel's favor is the third.

That factor alone, however, does not outweigh the others.  See, e.g., Solomon v. Allstate

Property & Casualty Ins., No. 23-3101, ECF No. 7 (Sealing Op.) at 4–5 (denying motion to seal

notwithstanding that third factor favored sealing); Frech, Sealing Op. at 7–8 (same).  The Court

will thus deny the Motion, with one final note: if Patel wishes for his residential address and telephone number not to appear on the public docket, he may still omit that information from his Complaint and include it in a sealed notice under Local Civil Rule 5.1(c)(1).

The Court accordingly ORDERS that:

1. Plaintiff's [5] Amended Motion to Seal Docket or Redact Complaint is DENIED; and

2. If Plaintiff seeks to proceed, he must file his Complaint on the public docket subject to LCvR 5.1.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  November 13, 2023